MARY FAY FLEMING and Others, Plaintiffs, _v._ PHŒNIX ASSURANCE COMPANY of London, Defendant.

_Fire insurance policy — appraisal under conclusive — functions of appraisers._

An appraisal of loss made by two appraisers duly appointed under the provision of a standard fire insurance policy, when their award is made in writing and signed by them, is conclusive and binding upon both parties. The functions of such appraisers are to estimate and appraise the loss by personal examination; they have no power or authority to take testimony.

MOTION by the plaintiffs, Mary Fay Fleming and others, for a new trial on a case containing exceptions, ordered to be heard at the

General Term in the first instance, by an order made after the verdict of a jury for forty dollars, rendered by direction of the court, in favor of the plaintiffs, at the Kings County Circuit on the 7th day of March, 1892.

*Flamen B. Candler*, for the plaintiffs.

*Geo. A. Strong*, for the defendant.

DYKMAN, J.:

This is an action upon a policy of fire insurance to recover for damages by fire to the property insured.

The cause was tried at the Circuit where a verdict was directed in favor of the plaintiff for forty-five dollars and seventy-six cents, and the exceptions were directed to be heard at the General Term in the first instance.

The policy is the usual standard fire policy and contains this provision : " In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss ; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expenses of the appraisal and umpire."

Under that provision appraisers were appointed who appraised the damage at forty dollars.

It seems to be the theory of the plaintiff that an action may be maintained upon the policy independently of the award of the appraisers; that the appraisement may be ignored and the whole question opened and litigated as if no valuation of the loss had been made.

It must be observed that although some attack is made upon the appraisers and their mode of procedure, yet it is not sought to avoid their award.

We think the appraisal was conclusive and binding upon both parties.  After the provision for an umpire, if the two appraisers

chosen by the parties fail to agree, it is stated that "the award, in writing, of any two shall determine the amount of such loss."

Although an umpire was selected in this case, to be called in if the two appraisers failed to agree, yet they did not so fail, and his services were not required.

The award was made in writing and signed by the two appraisers.

That was much more than an idle ceremony. It was a judicious method of composing a controversy in a cheap and expeditious manner.

There can be no advantage derived by the selection of the appraisers, for each party chooses one, and, if it becomes necessary, they and not the parties select the umpire.

The method insures the selection of men competent and qualified for the service, and it must be borne in mind that they are appraisers and not arbitrators. Their function is to "estimate and appraise the loss" by personal examination and observation. They have no power or authority to take testimony, and their doing so is not contemplated.

While we think the case will stand firmly upon the award, and the defendant has a legal right to its protection, we are also satisfied that in this particular case the award was ample for the loss sustained. The claim has a very suspicious aspect. Even the friend of one of the plaintiffs, who seems to have been a very fair and just man, could discover but small traces of fire upon the buildings. The husband of one of the plaintiffs testified that the appraisers said they could see no damage.

The exceptions should be overruled and judgment should be entered upon the verdict.

PRATT, J., concurred; CULLEN, J., not sitting.

Exceptions overruled and judgment directed upon the verdict for the plaintiffs, with costs.