[Cite as *Stuckman v. Westfield Ins. Co.*, 2011-Ohio-2338.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

CARL STUCKMAN, ET AL.,                    CASE NO. 3-10-08

   PLAINTIFFS-APPELLANTS,

  v.

WESTFIELD INSURANCE COMPANY,              O P I N I O N

   DEFENDANT-APPELLEE.

CARL STUCKMAN, ET AL.,                    CASE NO. 3-10-16

   PLAINTIFFS-APPELLANTS,

  v.

WESTFIELD INSURANCE COMPANY,              O P I N I O N

   DEFENDANT-APPELLEE.

Appeals from Crawford County Common Pleas Court
Trial Court No. 08-CV-0580

Judgment Affirmed in Part and Reversed in Part
and Cause Remanded in Case 3-10-08;
Appeal Dismissed in Case 3-10-16

Date of Decision:  May 16, 2011

Case Nos. 3-10-08, 3-10-16

**APPEARANCES:**

    *Paul E. Hoeffel* **for Appellants**

    *Richard D. Sweebe* **for Appellee**

**ROGERS, P.J.**

{¶1} Plaintiffs-Appellants, Carl and Mona Stuckman (hereinafter "the Stuckmans"), appeal the February 2010 judgment of the Court of Common Pleas of Crawford County granting summary judgment in favor of Defendant-Appellee, Westfield Insurance Company (hereinafter "Westfield"), in case 3-10-08. In case 3-10-16, the Stuckmans appeal the trial court's judgment denying their motion to reconsider or vacate the February 2010 judgment entry. In this consolidated appeal, in conjunction with case 3-10-08, the Stuckmans argue that the trial court erred in not determining that the appraisal provision of the insurance policy at issue was ambiguous and unenforceable; that the trial court erred in not declaring the procedures and issues to be decided in the appraisal; that the trial court erred when it sua sponte entered judgment upon the appraisal award contrary to R.C. 2711.09 and R.C. 2711.14; that the trial court erred when it sua sponte modified the appraisal award by amounts not in evidence; and, that the trial court's judgment entry was not a final order. In conjunction with case 3-10-16, the

-2-

Stuckmans argue that the trial court erred when it prematurely denied their motion without giving them the opportunity to request an oral hearing; that the court erred in considering Westfield's brief in opposition to vacate their motion to reconsider or vacate the February 2010 judgment entry; and, that the judgment entry on appeal denying their motion for reconsideration should not have any bearing on the merit of case 3-10-08. Based upon the following, we affirm in part and reverse in part the trial court's judgment in case 3-10-08 and remand for further proceedings consistent with this opinion, and dismiss the appeal in case 3-10-16.

{¶2} In December 2008, the Stuckmans filed a "declaratory action" with the trial court against Westfield, contending that they were insured under a policy of insurance issued by Westfield; that they had suffered damages as a result of fire at their residence; that they and Westfield were unable to agree on the amount of the loss; that Westfield had demanded appraisal; that they and Westfield had selected different appraisers; that they and Westfield disagreed as to the manner in which the appraisal should be conducted; and, that Westfield was in breach of the portions of the contract concerning payment for additional living expenses, debris removal, reasonable repairs, and payment for removal of mold, fungus, wet rot, bacteria, or other biological contaminants. Further, the Stuckmans requested that the trial court declare the appraisal provision of the policy to be ambiguous and unenforceable, or, in the alternative, for the trial court to appoint an umpire and

declare the procedure to be used in the appraisal. Additionally, the Stuckmans requested a declaration of their rights under the policy to recover for additional living expenses, debris removal, reasonable repairs, and for removal of mold, fungus, wet rot, bacteria, or other biological contaminants.

{¶3} In January 2009, the trial court, upon Westfield's motion, granted it leave of court to answer, move, or otherwise respond to the Stuckmans' declaratory action and any outstanding discovery.

{¶4} In June 2009, the trial court appointed David Dolland to serve as the umpire in the appraisal proceedings. The trial court specifically stated that "[t]he manner in which the appraisal is to be conducted is set forth in the subject policy of insurance." (June 2009 Judgment Entry, p. 1). Additionally, the trial court ordered that Westfield's appraiser and the Stuckmans' appraiser separately set the amount of the loss on each of the issues to be determined by the appraisal, and, if the two appraisers could not agree, to submit the issues to the umpire.

{¶5} In February 2010, the trial court issued a judgment entry stating that Dolland had acted as umpire and completed the appraisal in compliance with the terms of the policy in formulating the following:

**A: DWELLING – Replacement cost repairs: $31,845.56**
                           **Depreciation:**              **-5,102.23**

                         **Actual Cash Value Loss:**   **$26,743.33**

**B. CONTENTS –**   **Replacement cost to clean:**   **$3,813.45**
                                  **(Actual cash value loss)**

**C. ADDITIONAL LIVING EXPENSE**       **$5,400.00**

**TOTAL:**                                 **$35,956.78**

**{¶6}** In its judgment entry, the trial court determined that the Stuckmans were entitled to recover from Westfield, for dwelling coverage, $26,743.33 less any amount previously paid by Westfield; for contents coverage, $3,813.45 less any amount previously paid by Westfield; and, for additional living expense coverage, $5,400.00 less the $1,000 deposit paid by Westfield to the Housing Headquarters that was refundable to the Stuckmans. Further, the trial court determined that the Stuckmans would be permitted to recover the depreciation amount of $5,102.23 upon completion of repairs to the dwelling. The trial court then stated that "[a]ll claims having been resolved pursuant to the Appraisal Award and the above declaration, this matter is hereby dismissed[1] with prejudice[.]" (Feb. 2010 Judgment Entry, p. 3).

**{¶7}** Later in February 2010, the Stuckmans filed a "Motion to Reconsider or Vacate the Judgment Entry of February 3, 2010." The Stuckmans made their request on the basis that the trial court authorized deduction from the appraisal award sums previously paid by Westfield, and argued that no evidence supported

---

[1] Although inartfully worded, it is clear that the trial court intended to award money damages and to only dismiss all remaining claims. The parties have interpreted the dismissal in that manner, and we have treated it accordingly.

these deductions and that they were never given the opportunity to respond to these deductions. Further, the Stuckmans argued that the trial court incorrectly determined that all claims had been resolved, as the judgment entry did not address their request for a declaration as to the procedure to be used in the appraisal; a declaration that the appraisal provisions of the policy were ambiguous and unenforceable; and, a declaration that Westfield was in breach of the contract regarding additional living expenses, debris removal, reasonable repairs, and payment for the removal of mold, fungus, wet rot, bacteria, or other biological contaminants. Finally, the Stuckmans stated the February 2010 award was defective because it was subject to the Ohio statutes governing arbitration and no application had been made to confirm the award pursuant to R.C. 2711.09.

{¶8} On March 4, 2010, the Stuckmans appealed the February 2010 judgment entry, prior to the trial court ruling on the Civ.R. 60(B) motion/motion to reconsider. On March 29, 2010, the Stuckmans moved this Court to remand the case to the trial court for the purpose of allowing the trial court to rule on the pending motion.

{¶9} In April 2010, this Court granted the Stuckmans' motion and remanded the case to the trial court pending its consideration of the Civ.R. 60(B) motion/motion to reconsider. Shortly thereafter, the trial court denied the motion and returned case 3-10-08 to this Court for further consideration.

{¶10} In May 2010, in case 3-10-16, the Stuckmans appealed the trial court's decision denying their Civ.R. 60(B) motion/motion to reconsider the February 2010 judgment entry.

{¶11} It is from these judgments in cases 3-10-08 and 3-10-16 that the Stuckmans appeal.

{¶12} The Stuckmans present the following assignments of error in case 3-10-08 for our review.

*Assignment of Error No. I*

**THE COURT ERRED IN NOT DETERMINING THAT THE "APPRAISAL" PROVISION OF THE POLICY WAS AMBIGUOUS AND UNENFORCEABLE.**

*Assignment of Error No. II*

**THE COURT ERRED IN NOT DECLARING THE PROCEDURES AND ISSUES TO BE DECIDED IN THE APPRAISAL.**

*Assignment of Error No. III*

**THE COURT ERRED IN, SUE [SIC] SPONTE, ENTERING THE JUDGMENT OF 2/3/2010 UPON THE "APPRAISAL AWARD" CONTRARY TO RC 2711.09 AND RC 2711.14**

*Assignment of Error No. IV*

**THE COURT ERRED IN, SUE [SIC] SPONTE, MODIFYING THE "APPRAISAL AWARD" BY AMOUNTS NOT IN EVIDENCE.**

*Assignment of Error No. V*

**THE COURT'S JUDGMENT ENTRY WAS NOT A FINAL ORDER AS THERE REMAINED OTHER CLAIMS.**

{¶13} Additionally, in case 3-10-16, the Stuckmans present the following assignments of error for our review.

*Assignment of Error No. I*

**THE COURT ERRED IN PREMATURELY DENYING THE PLAINTIFFS' MOTION WHERE THE PLAINTIFFS WERE NOT GIVEN THE OPPORTUNITY TO REQUEST AN ORAL HEARING PURSUANT TO THE COURT'S LOCAL RULES.**

*Assignment of Error No. II*

**THE COURT ERRED IN CONSIDERING THE DEFENDANT WESTFIELD INSURANCE COMPANY'S BRIEF IN OPPOSITION TO VACATE THE JUDGMENT ENTRY OF FEBRUARY 3, 2010 WHICH WAS FILED WHILE THE CASE WAS ON APPEAL.**

*Assignment of Error No. III*

**THE JUDGMENT ENTRY ON APPEAL DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION SHULD [SIC] NOT HAVE ANY BEARING ON THE MERIT OF THE SUBSTANTIVE ISSUES IN APPELLATE CASE NO. 3-10-08**

*I. Case 3-10-08*

*Assignments of Error Nos. I & II*

{¶14} In their first assignment of error, the Stuckmans contend that the trial court erred in not determining that the appraisal provision of the insurance policy at issue was ambiguous and unenforceable. Specifically, the Stuckmans argue that

the appraisal provision is ambiguous because it simply provides that the "amount of loss" be "set" without specifying how the losses should be determined; that the appraisal award did not comply with the "loss settlement" provisions in the policy; that the policy provided "replacement cost" coverage, but the appraisal process was developed to determine "actual cash value" coverage; and, that the amount of the replacement cost could not yet be ascertained because a determination of which was the lesser amount could not be made until the Stuckmans spent the money regardless of the "estimate" of the "replacement cost." Westfield responds that the phrase "set the amount of loss" is unambiguous because it is not susceptible to multiple reasonable interpretations, and because the trial judge implicitly found the policy was unambiguous. Further, Westfield argues that the Stuckmans never asked the trial court to give the appraisers and umpire more specific directions and never objected to the trial court's holding that the policy set forth the manner in which the appraisal was to be conducted.

{¶15} In their second assignment of error, the Stuckmans contend that the trial court erred in not declaring the procedures and issues to be decided in the appraisal. Specifically, the Stuckmans argue that it was necessary for the trial court to declare the procedures to be used by the appraisers; and, that such a declaration was necessary because even Westfield admitted that the appraisal

clause did not specify how the appraisers and umpire would accomplish the tasks or the process by which they should set the amount of loss.

{¶16} Here, in their December 2008 declaratory action, the Stuckmans sought a declaration that the appraisal provision was ambiguous and unenforceable, or, alternately, for appointment of an umpire and declaration of the procedure to be used in the appraisal.  The appraisal provision at issue in the policy provided that:

> **E. Appraisal**
>
> **If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.  In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the *residence premises* is located.  The appraisers will separately set the amount of loss.  If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will set the amount of loss.  Each party will:**
>
> **1. Pay its own appraiser; and**
>
> **2. Bear the other expenses of the appraisal and umpire equally.**

(Personal Fire Policy, p. 16).  Thereafter, in June 2009, the trial court appointed an umpire and found that "[t]he manner in which the appraisal is to be conducted is set forth in the subject policy of insurance."  (June 2009 Judgment Entry, p. 1).

Additionally, the trial court ordered that Westfield's appraiser and the Stuckmans' appraiser separately set the amount of the loss on each of the issues to be determined by the appraisal, and, if the two appraisers could not agree, to submit the issues to the umpire. The record does not reflect that the Stuckmans objected to the trial court's June 2009 appointment of an umpire or finding that the appraisal should be conducted as set forth in the policy, without further elaboration.

{¶17} "Insurance policies are contracts and their interpretation is a matter of law for the court." *Niemeyer v. W. Res. Mut. Cas. Co.*, 3d Dist. No. 12-09-03, 2010-Ohio-1710, ¶9, citing *Sharonville v. Am. Employers Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, ¶6. Additionally, contract terms are to be given their plain and ordinary meaning. Id.

{¶18} The appraisal provision at issue was not unique, as many other jurisdictions have examined very similar provisions. See *Cousino v. Stewart*, 6th Dist. Nos. F-05-011, F-05-004, 2005-Ohio-6245, ¶¶21-24 (examining a virtually identical appraisal provision and finding that it was not unique in light of provisions examined in *Auto-Owners Ins. Co. v. Kwaiser* (1991), 190 Mich.App. 482, 486; *Reyes v. Allstate Ins. Co.*, Conn.Super. No. CV9503777255, 1996 WL 157306; *PHC, Inc. v. North Carolina Farm Bur. Mut. Ins. Co.* (1998), 129 N.C.App. 801, 804-805; *Allstate Ins. Co. v. Suarez* (2002), 833 So.2d 762, 765.

Further, "appraisal" is a common term used in an insurance contract, with Black's Law Dictionary defining "appraisal clause" as "[a]n insurance-policy provision allowing either the insurer or the insured to demand an independent estimation of a claimed loss." Black's Law Dictionary (9 Ed.Rev.2009) 117. Further, each party had the ability to, and did, in fact, appoint its own appraiser. Accordingly, we assume that each party instructed its appraiser as to what needed to be considered, and that the umpire appointed by the trial court would address any conflicts. Finally, the record does not reflect that the Stuckmans objected at the trial court level to the trial court's June 2009 finding that the appraisal should be conducted as set forth in the policy without further elaboration. Based on the preceding, we find that the trial court did not err in declining to find that the appraisal provision of the insurance policy was ambiguous and unenforceable, and further did not err in declining to declare specific procedures and issues to be decided in the appraisal.

{¶19} Accordingly, we overrule the Stuckmans' first and second assignments of error.

*Assignments of Error Nos. III & IV*

{¶20} In their third assignment of error, the Stuckmans contend that the trial court erred when it sua sponte entered judgment upon the appraisal award contrary to R.C. 2711.09 and R.C. 2711.14, which govern arbitration proceedings.

Specifically, the Stuckmans argue that R.C. 2711.04 equates an "umpire" with an "arbitrator"; that, consequently, the use of the language "umpire" in the appraisal provision brings the insurance policy within the arbitration statutes as determined in *Cousino*, supra; and, that the arbitration statutes require an application to confirm the award, which was not made. Westfield responds that Ohio law is clear that an appraisal condition in an insurance policy is not subject to the arbitration statutes, citing *Royal Ins. Co. v. Ries* (1909), 80 Ohio St. 272, 283-284, and *Rademaker v. Atlas Assur. Co.* (1954), 98 Ohio App. 15, at syllabus.

{¶21} In their fourth assignment of error, the Stuckmans contend that the trial court erred when it sua sponte modified the appraisal award by amounts not in evidence. Specifically, the Stuckmans contend that, because the appraisal award was for the sum of $35,956.78, that Westfield should pay them this amount without any reduction for an amount previously paid by Westfield; that the trial court should not have ordered a $1,000 deduction based upon a refund from Housing Headquarters, as it was a nonparty; and, that there was no authority for the trial court to modify the award except as provided in R.C. 2711.14.

{¶22} At issue, therefore, is whether the provision in the insurance policy regarding the resolution of disputes over the amount of loss is an appraisal or an arbitration provision. The provision at issue is entitled "Appraisal." The wording of the provision employs the language "appraisal" or "appraiser" seven times yet

never employs the word "arbitration" nor refers to the arbitration statutes. We find that there is nothing in the record to indicate that the provision at issue is anything other than an appraisal. Accord *Rademaker*; *Phifer-Edwards, Inc. v. Hartford Fire Ins.* (1994), 8th Dist. No. 65536, 1994 WL 236225 citing *Guider v. LCI Communications Holdings Co.* (1993), 87 Ohio App.3d 412; *Humphrey v. Scottish Lion Ins. Co. Ltd.* (1996), 11th Dist. No. 94-T-5099, 1996 WL 200567; *Smith v. Shelby Ins. Group* (1997), 11th Dist. Nos. 96-T-5547, 96-T-5566, 1997 WL 799512. But, see, *Cousino,* supra*,* at ¶32.

{¶23} Since there is no evidence to establish that this provision provides for arbitration, we treat this provision as an appraisal provision and hold that the trial court committed error prejudicial to Appellant by modifying the appraisal award. The appraisal award was signed by Westfield's appraiser and the umpire and was submitted to the court. The trial court then modified the award by making deductions. The judgment entry stated, in pertinent part:

> **Wherefore, the [c]ourt hereby determines and declares that Plaintiffs are entitled to recover from Westfield the following sums: $26,743.33, less any amount previously paid by Westfield, for Dwelling coverage; $3,813.45, less any amount previously paid by Westfield, for contents coverage; and $5,400.00, less the $1,000.00 deposit paid by Westfield to Housing Headquarters that is refundable directly to Plaintiffs, for Additional Living Expense coverage. If and when Plaintiffs complete repairs to the dwelling, they will be entitled to recover the Depreciation holdback of $5,102.23.**

**{¶24}** "A court's review of an appraisal is extremely limited." *Smith* at 4. Generally, a court should not interfere with an appraisal award absent fraud, mistake, or misfeasance. *Id.* citing *Lakewood Mfg. Co. v. Home Ins. Co. of New York,* 24 Ohio Misc. 244, 422 F.2d 796, (C.A.6, 1970); *see also Csuhran v. Merrimack Mut. Fire Ins. Co.* (1994)*,* 11th Dist. No. 93-L-143, 1994 WL 102248. Neither the judgment entry nor the record indicate any evidence of fraud, mistake, or misfeasance on behalf of the appraisers. Therefore, the trial court erred when it modified the appraisal award. Accordingly, we find Appellants' third and fourth assignments of error well-taken.

*Assignment of Error No. V*

**{¶25}** In their fifth assignment of error, the Stuckmans contend that the trial court's judgment entry was not a final order. Specifically, they argue that the appraisal award issued by the trial court did not resolve many of the issues in their declaratory action, including resolution of issues as to setting the amount of the loss, determination of other coverage of the policy, determination of whether the appraisal clause was ambiguous and unenforceable, and failure of the award to set a specific and certain amount to the Stuckmans.

**{¶26}** As we have already determined these issues in our resolution of the Stuckmans' previous assignments of error, we find this assignment of error moot and we decline to address it. App.R. 12(A)(1)(c).

-15-

## *II. Case 3-10-16*

### *Assignments of Error Nos. I, II, & III*

**{¶27}** In case 3-10-16, the Stuckmans appeal the trial court's decision denying their motion to reconsider or vacate the February 3, 2010 judgment entry, in which the Stuckmans argued that no evidence supported the trial court's deductions from the appraisal award of sums previously paid by Westfield, and that they were never given the opportunity to respond to these deductions; that the trial court incorrectly determined that all claims had been resolved, as the judgment entry did not address their request for a declaration as to the procedure to be used in the appraisal; that they were entitled to a declaration that the appraisal provisions of the policy were ambiguous and unenforceable; that they were entitled to a declaration that Westfield was in breach of the contract regarding additional living expenses, debris removal, reasonable repairs, and payment for removal of mold, fungus, wet rot, bacteria, or other biological contaminants; and, that R.C. 2711, regarding arbitration, applied to the February 3, 2010 award, which was defective because no application had been made to confirm the award pursuant to R.C. 2711.09.

**{¶28}** We find that the Stuckmans' appeal of the trial court's denial of their Civ.R. 60(B) motion in case 3-10-16 has raised the same issues as their appeal from the trial court's original decision in case 3-10-08. Consequently, as we have

reversed the award at issue, we find the appeal in case 3-10-16 to be moot and dismiss it.  App.R. 12(A)(1)(c).

{¶29} Having found no error prejudicial to the appellants in the first, second, and fifth assignments of error in case 3-10-08, but having found error prejudicial to the appellants herein, in the particulars assigned and argued in the third and fourth assignments of error in case 3-10-08, the judgment of the trial court is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.  Additionally, having found the particulars assigned and argued in case 3-10-16 to be moot, we dismiss the appeal in case 3-10-16.

*Judgment Affirmed in Part and Reversed in Part*
*and Cause Remanded in Case 3-10-08;*
*Appeal Dismissed in Case 3-10-16*

**SHAW and PRESTON, J.J., concur.**
**/jnc**