[Cite as *Stuckman v. Westfield Ins. Co.*, 2012-Ohio-986.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

CARL STUCKMAN, ET AL.,

    PLAINTIFFS-APPELLEES,          CASE NO.  3-11-18

    v.

WESTFIELD INSURANCE COMPANY,        O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 08-CV-0580**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   March 12, 2012**

---

APPEARANCES:

    *Richard D. Sweebe*  for Appellant

    *Paul E. Hoeffel*  for Appellees

Case No. 3-11-18

**PRESTON, J.**

{¶1} Defendant-appellant, Westfield Insurance Co. (hereinafter "Westfield"), appeals the Crawford County Court of Common Pleas' judgment entry awarding plaintiffs-appellees, Carl and Mona Stuckman (hereinafter "the Stuckmans"), $35,956.78, plus prejudgment statutory interest from April 14, 2008, for the loss they sustained from a fire at their home, which was covered under the terms of their insurance policy with Westfield. For the reasons that follow, we reverse.

{¶2} On April 14, 2008, the Stuckmans suffered damages as a result of a fire at their home in Bucyrus, Ohio. (Complaint, Doc. No. 1, ¶ 2); (Answer, Doc. No. 7, ¶ 2). The Stuckmans and Westfield were unable to agree on the amount of loss, and consequently, Westfield demanded an appraisal under the terms of the insurance policy. (*Id*. at ¶ 3-4); (*Id*. at ¶ 3-4).

{¶3} On December 2, 2008, the Stuckmans filed a declaratory action in the trial court asking the court to declare the appraisal provision of the insurance contract ambiguous and unenforceable, or, in the alternative, for the trial court to appoint an umpire and declare the appropriate procedure for the appraisal. (Doc. No. 1). The complaint prayed further for the trial court to declare the Stuckmans' right to recover under other sections of the insurance policy and to award the Stuckmans damages, costs, and prejudgment interest from April 14, 2008. (*Id*.).

{¶4} On January 9, 2009, Westfield filed a motion for leave to plead, requesting an additional 30 days to respond to the complaint. (Doc. No. 3). On January 12, 2009, the trial court granted Westfield's motion. (Doc. No. 4). On January 30, 2009, Westfield filed its answer setting forth several defenses and requesting an appraisal as provided for in the insurance policy. (Doc. No. 7).

{¶5} On June 1, 2009, the trial court held a hearing for the purpose of appointing an umpire as provided for in the insurance policy. (Doc. No. 15). Thereafter, by journal entry dated June 10, 2009, the trial court appointed David Dolland to serve as umpire. (*Id*.). In relevant part, the trial court's entry further provided that "[t]he manner in which the appraisal is to be conducted is set forth in the subject policy of insurance." (*Id*.). The trial court explained this process in its journal entry as follows:

> Plaintiff's selected appraiser Patrick Murphy and Defendant Westfield's selected appraiser John Anich will separately set the amount of loss on each of the issues to be determined by appraisal. If the two appraisers agree on the amount of any of the losses at issue to be determined by appraisal, then as to any such agreement, the two appraisers will issue a report accordingly and that will be the amount of any such loss. If the two appraisers fail to agree on the amount of any of the losses at issue to be determined by appraisal,

then they will submit their differences to the umpire. A decision agreed by either of two appraisers and the umpire will set the amount of any such loss. (*Id.*).

**{¶6}** Since the parties' appraisers could not agree on the amount of loss, the umpire issued an appraisal award on January 27, 2010, concurring with the appraisal submitted by Westfield's appraiser, John Anich, for the following:

| | | |
|---|---|---|
| A. | Dwelling- Replacement cost repairs: | $31,845.56 |
| | Depreciation: | -  5,102.23 |
| | Actual Cash Value Loss: | $26,743.23[1] |
| B. | Contents-Replacement cost to clean: (Actual cash value loss) | $3,813.45 |
| C. | Additional Living Expense: | $5,400.00 |
| | TOTAL: | $35,956.68[2] |

(Doc. No. 27, attached). Below these calculations, appears the following statement: "[t]his appraisal award is made without consideration of the deductible. The signatures of any two of the below three persons constitutes the amount of loss." (*Id.*).

**{¶7}** On February 3, 2010, the trial court issued judgment in favor of the Stuckmans as follows:

---

[1] This number is the actual number provided in the appraisal award; however, it is mathematically incorrect. The actual cash value loss should be $26,743.33. The trial court corrected this error in its subsequent judgment entry based upon the appraisal. (Feb. 3, 2010 JE, Doc. No. 27).
[2] Because of the aforementioned mathematical error, the total loss should be $35,956.78. (Feb. 7, 2010 JE, Doc. No. 27).

$26,743.33, *less any amount previously paid by Westfield*, for Dwelling coverage; $3,813.45, *less any amount previously paid by Westfield*, for Contents coverage; and $5,400.00, *less the $1,000.00 deposit paid by Westfield to Housing Headquarters that is refundable directly to Plaintiffs*, for Additional Living Expense coverage. If and when Plaintiffs complete repairs to the dwelling, they will be entitled to recover the Depreciation holdback of $5,102.23. (Doc. No. 27) (emphasis added).

**{¶8}** On February 26, 2010, the Stuckmans filed a motion for reconsideration of the trial court's judgment entry arguing that the trial court inappropriately deducted sums "previously paid by Westfield" from the appraisal award without any evidence in the record to support these deductions. (Doc. No. 29). The Stuckmans further argued that the trial court's judgment entry failed to comply with Chapter 2711 of the Ohio Revised Code governing arbitrations. (*Id.*).

**{¶9}** On March 4, 2010, Westfield filed a motion for leave to oppose the Stuckmans' motion for reconsideration. (Doc. No. 30). On that same day, the Stuckmans filed a notice of appeal from the trial court's judgment, which was assigned appellate case no. 3-10-08. (Doc. No. 31).

{¶10} On March 9, 2010, the trial court granted Westfield leave to respond to the Stuckmans' motion for reconsideration. (Doc. No. 34). Westfield filed its brief in opposition to the motion on March 17, 2010. (Doc. No. 35).

{¶11} On March 30, 2010, the Stuckmans filed a motion with this Court asking to remand the case to the trial court for consideration of the pending "Civ.R. 60(B) Motion/Motion to Reconsider." On April 16, 2010, this Court granted the motion, remanded the case to the trial court, and stayed the proceedings in appellate case no. 3-10-08.

{¶12} On April 27, 2010, the trial court denied the Stuckmans' motion for reconsideration. (Doc. No. 36). On May 25, 2010, the Stuckmans filed a notice of appeal from the trial court's judgment, which was assigned appellate case no. 3-10-16. (Doc. No. 38).

{¶13} On July 13, 2010, this Court ordered that appellate cases nos. 3-10-08 and 3-10-16 be consolidated for purposes of appeal. In appellate case no. 3-10-08, the Stuckmans raised five assignments of error for review. *Stuckman v. Westfield Insurance Co.*, 3d Dist. Nos. 3-10-08, 3-10-16, 2011-Ohio-2338 ("*Stuckman I*") We overruled the Stuckmans' first and second assignments of error concerning the enforceability of the appraisal provision and the trial court's alleged lack of instruction to the appraisers concerning the appropriate procedure for the appraisal. *Id*. at ¶ 14-19. We also rejected the Stuckmans' arguments

concerning the applicability of R.C. Chapter 2711, governing arbitrations,[3] and the Stuckmans' argument that the trial court's judgment entry was not a final order. *Id*. at ¶ 20-24. Although we determined that the trial court's proceedings were not governed by the arbitration laws (assignment of error no. 3), we did conclude that the trial court erred by modifying the appraisal award absent any evidence of fraud, mistake, or misfeasance (assignment of error no. 4). *Id.* Since the Stuckmans' appeal in case no. 3-10-16 raised the same issues as their appeal in case no. 3-10-08, we found the former appeal moot in light of our reversal in the latter. *Id*. at ¶ 27-29. Ultimately, we remanded the case to the trial court for further proceedings consistent with our opinion.

{¶14} Following our remand and on June 20, 2011, the Stuckmans filed a "motion to enter judgment on the appraisal award" in the aggregate amount of $35,956.78 in conformity with this Court's opinion. (Doc. No. 44). The Stuckmans also requested prejudgment statutory interest from April 14, 2008 and costs, as they had previously requested in their complaint. (*Id*.); (Doc. No. 1).

{¶15} On June 28, 2011, Westfield filed a motion for an oral hearing and brief in opposition arguing that it had paid the Stuckmans $20,213.42 under the dwelling and contents coverage provisions of the insurance contract prior to the

---

[3] Although we stated in our original opinion that the Stuckmans' third assignment of error (concerning the applicability of R.C. Chapter 2711) was "well taken," it is clear from our discussion in the opinion that we actually overruled this assignment of error, while sustaining only the Stuckmans' fourth assignment of error. This error appears to have occurred since the third and fourth assignments of error were combined for discussion in our original opinion.

appraisal and $15,743.26 after the appraisal award. (Doc. Nos. 45-46). As such, Westfield argued that it had "already paid every penny of the judgment that Plaintiffs now seek, and Plaintiffs are entitled to no additional payment." (Doc. No. 45).

{¶16} On July 18, 2011, Westfield filed a motion for declaratory judgment asking the trial court to "declar[e] that Westfield has paid all sums due and payable under the Appraisal Award, and that Plaintiffs are not entitled to any further recovery." (Doc. No. 48). On that same day, Westfield also filed a motion for an oral hearing. (Doc. No. 49).

{¶17} On July 21, 2011, the trial court granted Westfield's motion for an oral hearing. (Doc. No. 50). On September 21, 2011, the trial court held a hearing on the pending motions. (Doc. No. 53). On September 27, 2011, the trial court issued judgment in favor of the Stuckmans for $35,956.78, plus statutory prejudgment interest from April 14, 2008, and overruled all Westfield's pending motions. (*Id.*).

{¶18} On October 20, 2011, Westfield filed a notice of appeal, which was assigned appellate case no. 3-11-18 and is now before this Court. (Doc. No. 54). Westfield raises five assignments of error for our review. We elect to combine several of Westfield's assignments of error for discussion.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY MAKING A DUPLICATIVE AWARD TO APPELLEES OF SUMS THAT WESTFIELD HAD ALREADY PAID PRIOR TO THE APPRAISAL AWARD.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED BY MAKING A DUPLICATIVE AWARD TO APPELLEES OF SUMS THAT WESTFIELD HAD ALREADY PAID SUBSEQUENT TO, AND IN COMPLIANCE WITH, THE APPRAISAL AWARD.**

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ERRED BY AWARDING JUDGMENT IN FAVOR OF APPELLEES WITHOUT DEDUCTING FROM THE APPRAISAL AWARD THE APPLICABLE DEDUCTIBLE SET FORTH IN THE POLICY OF INSURANCE.**

{¶19} In its first and second assignments of error, Westfield argues that the trial court erred by failing to deduct the amount of money it had already paid to the Stuckmans under the insurance policy prior to and after the appraisal award. In its third assignment of error, Westfield argues that the trial court failed to deduct the $500 deductible from the total appraisal award.

{¶20} The procedural history of this case is important. The appraisal award was issued on January 27, 2010, and the trial court entered judgment just one week later on February 3, 2010 without holding a hearing. (Doc. No. 27). At the time the trial court entered its judgment, it did not have *any* evidence of payments made

by Westfield; nevertheless, the trial court deducted "any amount previously paid by Westfield" from the appraisal award. (*Id.*). Although not clearly articulated in our previous opinion, the trial court's previous error was not its decision to deduct Westfield's payments from the appraisal award, but the trial court's decision to make these deductions *without having proper evidence before it*.[4] Procedurally, the trial court should have held a hearing prior to its February 3, 2010 judgment at which time Westfield could have submitted evidence of its payments.

**{¶21}** Prior to the trial court's September 21, 2011 hearing upon remand, Westfield presented evidence of payments it made to the Stuckmans totaling $35,456.78—the total amount of the appraisal award minus the $500 deductible. (Westfield's Motion for Declaratory Judgment, Doc. No. 48, attached). Despite this evidence, the trial court entered judgment in favor of the Stuckmans for $35,956.78, the total amount of the appraisal award without regard to the $500 policy deductible or Westfield's previous payments, plus statutory interest from April 14, 2008, the date of the fire. (Sept. 27, 2011 JE, Doc. No. 53). To the extent that our previous opinion can be read to require this result, that was not our intention. Since the trial court had evidence of Westfield's payments at the September 21, 2011 hearing—evidence the trial court did not have when it entered

---

[4] Notably, the relevant assignment of error we sustained provided: "The court erred in, sue [sic] sponte, modifying the "appraisal award" by amounts not in evidence." With regard to this assignment of error, we stated, "the Stuckmans contend the trial court erred when it sua sponte modified the appraisal award by amounts not in evidence." 2011-Ohio-2338, at ¶ 21.

judgment on February 3, 2010—it should have deducted Westfield's payments from the appraisal award for purposes of its judgment.[5]   The trial court also should have subtracted the $500 deductible from the appraisal award, as the Stuckmans concede on appeal.

{¶22} For the reasons stated herein, Westfield's first, second, and third assignments of error are sustained.

### ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT ERRED BY AWARDING PREJUDGMENT INTEREST.**

### ASSIGNMENT OF ERROR NO. V

**THE TRIAL COURT ERRED BY ARBITRARILY AWARDING PREJUDGMENT INTEREST FROM THE DATE OF LOSS.**

{¶23} In its fourth assignment of error, Westfield argues that the trial court erred in awarding the Stuckmans prejudgment interest under R.C. 1343.03(A) since the insurance payments were "due and payable" under the terms of the policy on March 28, 2010, and it had already paid the Stuckmans the full amount of the appraisal award, minus their $500 deductible, on or before February 1, 2010, long before this deadline.

---

[5] The purpose of the appraisal under the terms of the insurance policy and the trial court's June 10, 2009 order was to determine the amount of "loss" only. (Doc. No. 7, attached); (Doc. No. 15). *See also* 5A Ohio Jurisprudence 3d, Alternative Dispute Resolution, Section 184 (2012) (distinguishing appraisals from arbitrations).  Consequently, the trial court's judgment entry should have reflected the balance due and payable to the Stuckmans under the insurance policy taking into consideration: the amount of loss as determined by the appraisal; applicable coverage amounts under the policy; insurance payments previously received by the Stuckmans; and the policy deductible.

{¶24} In its fifth assignment of error, Westfield argues that, in the event the court finds that it owes the Stuckmans additional sums of money beyond what it has already paid, then interest on that amount of money should run from March 28, 2010 at the earliest for the reasons articulated in its fourth assignment of error.

{¶25} "The trial court's authority to award prejudgment interest in this case is set forth in R.C. 1343.03(A) which provides that interest on written instruments, including insurance contracts, begins to run 'when money becomes due and payable.'" *Smith v. Shelby Ins. Group*, 11th Dist. Nos. 96-T-5547, 96-T-5566, at *5 (Dec. 26, 1997). R.C. 1343.03(A) provides, in relevant part: "*when money becomes due and payable* upon any * * * instrument of writing * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code * * *."

{¶26} "'[W]hile the right to prejudgment interest in a contract claim is a matter of law, the amount awarded is based on the court's factual determination of the accrual date and interest rate.'" *Smith v. Motorists Mut. Ins. Co.*, 3d Dist. No. 8-02-17, 2002-Ohio-6259, ¶ 9, quoting *Dwyer Elec., Inc. v. Confederated Builders, Inc.*, 3d Dist. No. 3-98-18 (Oct. 29, 1998). The date prejudgment interest begins is a discretionary determination for the trial court to make. *Id.*, citing *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342 (1998). Consequently, we may not reverse a trial court's determination on this issue absent

an abuse of discretion. *Id.*; *Gates v. Praul*, 10th Dist. No. 10AP-784, 2011-Ohio-6230, ¶ 61. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶27}** The general rule is that "interest commences to run from the time the loss is deemed payable by the terms of the policy." *Royal Crown Plastics & Sales, Inc. v. Motorists Mut. Ins. Co.*, 51 Ohio App.2d 79, 81 (9th Dist. 1976), citing *Amatullis, Inc. v. Great Central Ins. Co.*, 36 Ohio App.2d 106 (2nd Dist. 1971); *Woodward v. Motorists Mut. Ins. Co.*, 6th Dist. No. H-96-016, at \*2 (Nov. 1, 1996). That being said, one of the primary purposes of awarding prejudgment interest is to "make the aggrieved party whole" by "compensate[ing] for the lapse of time between accrual of the claim and judgment." *Royal Electric Constr. Corp. v. Ohio State Univ.*, 73 Ohio St.3d 110, 117 (1995).

**{¶28}** The Stuckmans' insurance policy provided, in relevant part:

## I. Loss Payment

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. *Loss will be payable 60 days after we receive your proof of loss <u>and</u>*:

1. Reach an agreement with you;

2. There is an entry of a final judgment; *or*

3. *There is a filing of an appraisal award with us*.

-13-

(Doc. No. 7, attached). The earliest of the three sub-conditions above was the filing of the appraisal award with Westfield (#3), which occurred on or about January 27, 2010. (Doc. No. 27, attached). Consequently, the loss payment was payable under the insurance policy 60 days after January 27, 2010, which was March 28, 2010; and therefore, the money was "due and payable" on March 28, 2010 for purposes of awarding prejudgment interest under R.C. 1343.03(A). *Woodward*, 6th Dist. No. H-96-016. Nevertheless, the trial court awarded the Stuckmans prejudgment interest from April 14, 2008, the date of the fire, absent any reason(s) for doing so. (Sept. 27, 2011 JE, Doc. No. 53).

{¶29} This case is most similar to Sixth District's decision in *Woodward*, supra, where the homeowners' insurance policy included a "Loss Payment" provision *exactly* like the one herein. 6th Dist. No. H-96-016. In *Woodward*, the appellant's home was damaged by fire on January 18, 1993. *Id*. at *1. On January 14, 1994, the appellant filed a complaint for recovery of insurance proceeds under her homeowners' policy. *Id*. at *2. On December 29, 1995, following an appraisal, appellant filed a motion for entry of judgment on the appraisal award and a motion for prejudgment interest from October 1, 1993, the date she filed her proof of loss with the insurance company. *Id*. The trial court, however, awarded appellant prejudgment interest from December 2, 1995. *Id*.

{¶30} Thereafter, appellant filed an appeal in which she argued that the trial court should have awarded her prejudgment interest from October 1, 1993, when she submitted her proof of loss. *Id*. at *3. The insurance company, on the other hand, argued that the trial court correctly determined that prejudgment interest began on December 2, 1995, since the loss payment was not "due and payable" until 60 days after the filing of the appraisal award under the insurance policy. *Id*. The Court of Appeals ultimately affirmed the trial court's decision.

{¶31} In reaching its decision, the appellate court first observed that, under R.C. 1343.03(A), prejudgment interest begins "when money becomes due and payable." *Id*. at *4. Second, the appellate court observed that the insurance policy's "Loss Payment" provision stated that the loss payment was due "**60 days after we receive your proof of loss and * * * there is a filing of an appraisal award with us**." *Id*. at *4-5 (emphasis in original). Third the appellate court observed that "[a]s a general rule, Ohio Courts have held that prejudgment interest starts to run from the time the loss is deemed payable under the insurance policy." *Id*. at *5 (citations omitted). Based upon those three observations, the appellate court concluded that the trial court did not abuse its discretion by awarding

prejudgment interest from December 2, 1995, i.e. 60 days after the date[6] of appraisal award. *Id.*

**{¶32}** This case is easily distinguishable from *Smith v. Shelby Ins. Co.*, to which the Stuckmans cite, since the insurance policy herein provides when the loss payment is payable. 11th Dist. Nos. 96-T-5547, 96-T-5566 .  This case is further distinguishable from *Smith v. Shelby Ins. Co.* because the plaintiff in that case waited *11* years for the resolution of his car insurance claim; whereas the Stuckmans' homeowners' insurance claim was resolved in almost *three and a half* years.  It is also worth noting that the trial court did *not* award *any* prejudgment interest when it entered judgment the first time in February 2010. (Doc. No. 27).

**{¶33}** Viewing the totality of the circumstances in this case, we find that the trial court's decision to award the Stuckmans prejudgment interest from April 14, 2008 (the date of the fire)—without any indication on the record of its reason(s) for doing so—constituted an abuse of its discretion.

**{¶34}** Westfield's fourth and fifth assignments of error are, therefore, sustained.

---

[6] It was not clear in the record whether the appraisal was filed with the insurance company on October 1st or 3d of 1995, so the trial court chose October 2, 1995 as the date of the appraisal award, apparently splitting the difference. *Woodward*, 6th Dist. No. H-96-016, at * 4.

**{¶35}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**